**Werner A. POWERS, Appellant,**

v.

**Rita R. POWERS, Appellee.**

No. 13–85–362–CV.

Court of Appeals of Texas, Corpus Christi.

June 26, 1986.

Rehearing Denied Aug. 29, 1986.

Werner A. Powers, Bruce Claycombe, Dallas, for appellant.

James R. Hilliard, Dallas, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from an order granting judgment against appellant for payment of alimony due under an agreement incident to divorce. Appellant brings four points of error. We affirm.

The parties were divorced on January 15, 1980, in the 301st District Court of Dallas County. The parties entered into a written agreement incident to divorce providing for the division of their property and conservatorship of their children. In that agreement, appellant agreed to pay appellee alimony. On March 30, 1983, appellant husband filed a motion to modify child support in a suit affecting the parent-child relationship in the 301st District Court.

Appellee answered and filed a counterclaim in which she alleged appellant had breached the agreement incident to divorce by failing to pay her the proper amount of maintenance payments as specified in the agreement. She sought judgment against appellant in the amount of the arrearage plus attorney's fees. Judgment was entered for appellee wife, awarding her $12,-521.51 for payment of contractual alimony due from 1980 through March 1984, $2,000 in attorney's fees, costs of court, and post-judgment interest. The judgment cancelled the alimony provisions of the agreement.

Appellant then filed a motion to dismiss for lack of subject-matter jurisdiction or, alternatively, for new trial on August 21, 1984, within the thirty-day period provided by TEX.R.CIV.P. 329b(a). Then, on October 19, 1984, the trial court subsequently entered an order entitled "Final Judgment and Order Modifying Prior Order" in which appellee was awarded the same relief upon her counterclaim. The second judgment again cancelled the alimony provisions of the agreement, but also awarded appellee approximately $850 a month child support. On appeal, appellant does not contest the cancellation of the contractual alimony agreement or the award of child support, but does challenge the award of the alimony arrearage.

First, he argues the trial court erred in entering judgment for the breach of contract claim and in denying his motion to dismiss the claim for want of jurisdiction. He argues the contract claim is an action at common law and outside the continuing jurisdiction of a domestic relations court such as the 301st District Court.

■ Appellant initiated this litigation by filing a motion to modify child support in the court of continuing jurisdiction as required by TEX.FAM.CODE ANN. § 11.-05(a) (Vernon Supp.1986).[1] Appellee's subsequent counterclaim was at least a permissive counterclaim within the meaning of TEX.R.CIV.P. 97(b), (c).

We agree with appellant that appellee's counterclaim is outside the continuing jurisdiction of the trial court under § 11.05(a). *See Day v. Day*, 603 S.W.2d 213, 216 (Tex.

---

1. All statutory citations are to the Texas Family Code unless otherwise indicated.

1980) (suit to enforce judgment lien obtained in property settlement was not a matter incident to underlying divorce); *Underhill v. Underhill*, 614 S.W.2d 178, 180 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.) (suit to enforce property settlement agreement is an independent action and not incident to the divorce); *Adwan v. Adwan*, 538 S.W.2d 192, 195 (Tex. Civ.App.—Dallas 1976, no writ) (suit to enforce child support payments held to be enforceable only on contract terms and, therefore, not a suit within § 11.05(a)).

Appellant's argument would have merit if the jurisdiction of the 301st District Court, a domestic relations court, was limited to the jurisdiction provided in § 11.05(a). That court's powers are not so limited. That district court is clothed with the same jurisdiction as the other district courts of that county; it just has primary responsibility for cases involving family law matters. Family District Court Act, ch. 859, §§ 1.03(a), 2.02, 1977 Tex.Gen.Laws 2144, 2145–47, *repealed by* Act of June 13, 1985, ch. 480, §§ 24.601(a), 24.609, 1985 Tex. Sess.Law Serv. 3363, 3512–15 (Vernon). When appellant filed his motion to modify, he invoked the continuing jurisdiction of the district court. When appellee filed her counterclaim, she invoked the general jurisdiction of the same court. It was not necessary for her to file her claim in another court as appellant argues here.

■ Appellant even acknowledges that the district court had subject-matter jurisdiction over common-law claims in addition to its continuing jurisdiction over matters incident to this divorce. He seems to argue that when the trial court entered the second judgment, it must have done so pursuant to its continuing jurisdiction rather than its general jurisdiction because in general civil matters the trial court has plenary powers to modify a judgment for only thirty days after it has been entered. TEX.R. CIV.P. 329b(a). First, we note that the Texas Rules of Civil Procedure are applicable to proceedings under § 11.05(a). *See* TEX.R.CIV.P. 2. Second, we note that the trial court's action in entering the second

judgment was completely proper under Rule 329b(e), as in any other general civil matter, because appellant himself filed a timely motion for new trial which extended the trial court's plenary power. Entering the second judgment was within the trial court's discretion regardless of whether it was within its continuing jurisdiction or its general jurisdiction.

Appellant argues in his second point of error that the trial court erred in entering judgment against him because appellee could not recover on a contract she herself had breached. He alleges appellee breached the entire agreement in two respects and that these breaches excused his performance under the contract.

Section V of the parties' settlement agreement contained provisions for the payment of child support; Section VI contained provisions for the payment of alimony. In Section V, the parties agreed that appellant would pay, for the support of the children, an amount equal to any income tax liability appellee incurred as a result of the receipt of alimony paid by appellant. The agreement set forth a formula by which to calculate the child support and provided that appellant "shall pay" child support in an amount equal to the calculations. The provision also stated that appellee "shall provide" appellant a copy of her tax return at least thirty days prior to the filing deadline for the tax return. Appellee also agreed to keep accurate records and to cooperate with appellant so as to minimize her tax liability.

Appellant contends appellee wholly failed to furnish the requisite tax data within the time specified for 1980, 1981, and 1982, and thereby breached the entire agreement. Appellee's alleged breach of this provision was a hotly contested issue at trial. Basically, the evidence shows that appellee did not strictly comply with this provision, but she did make attempts to furnish appellant the necessary information. Apparently, both parties "sat down" and calculated appellee's 1980 tax return together. Appellant admitted that he "may have" received her 1981 tax return and could not recall if

he received it within the time set forth in the agreement. He also admitted he received a copy of her 1982 tax return prior to the filing date, and, again, he could not remember if he received it within the specified time. This evidence is sufficient to show that appellee attempted to comply with this provision in good faith.

Section V further provided that appellant "shall be entitled" to the dependency exemptions for the parties' two children "for the calendar year in which he made all payments that were required for that year by this Agreement," and for five years thereafter, and any year after such five years during which he provides the majority of the children's support. It is undisputed that appellee claimed the dependency exemptions on her income tax return in 1981 and 1982. We find overwhelming evidence in the record that appellant failed to pay *all* of the amounts he was obligated to pay under this agreement in each year this agreement was operative. The record also indicates that appellant did provide the majority of the children's support during the years in question. This provision is ambiguous as to whether appellant was even entitled to the dependency exemptions considering he did not pay all he was obligated to pay in any calendar year.

Under Section VI of the agreement, appellant obligated himself to pay appellee monthly alimony in order to completely discharge "all obligations arising from the marriage." The amount of alimony payable was to be determined by a specific formula set out in the agreement. This alimony provision of the contract was an unqualified promise by appellant to pay alimony in the sense that it does not require appellee to do anything to be entitled to payment.

Appellant contends that, because appellee technically breached her obligations not to claim the dependency exemptions and to supply her tax returns under Section V, he is excused from performing his obligations under Section VI. He characterizes the obligations as reciprocal and argues appellee's breach excuses his performance.

■ Essentially, his argument is that appellee's obligations to furnish tax returns and not to claim exemptions under the child support provision are conditions precedent to his obligation to perform under the alimony provision. A condition precedent to an obligation to perform is that act or event which occurs subsequent to the making of the contract that must occur before there is a right to immediate performance and before there is a breach of a contractual duty. *Hohenberg Brothers Co. v. George E. Gibbons and Co.*, 537 S.W.2d 1, 3 (Tex.1976); *Gulf Construction Co. v. Self*, 676 S.W.2d 624, 627 (Tex.App. —Corpus Christi 1984, writ ref'd n.r.e.). The language of a contract will not be construed as creating a condition precedent if another reading of that language is possible. *Landscape Design and Construction, Inc. v. Harold Thomas Excavating, Inc.*, 604 S.W.2d 374, 377 (Tex.Civ.App.— Dallas 1980, writ ref'd n.r.e.).

■ Appellee's obligations under the child support provision are separate and independent from appellant's obligations under the alimony provision. Under the settlement agreement, appellee's breaches have some connection to appellant's ability to calculate the amount of child support payable, but they have nothing whatsoever to do with appellant's contractual duty to pay alimony. Outside of terminating the alimony contract, there is nothing appellee could do to affect appellant's obligation to pay alimony.

By his third point of error, appellant argues that the trial court erred in entering judgment against him because appellee failed to offer any evidence by which to calculate her alleged damages. Appellant contends the measure of appellee's damages for breach of the alimony contract should have been the amount of unpaid alimony less the tax savings she realized on her non-alimony income as a result of his failure to pay the entire amount of alimony due under the contract. It was undisputed that appellee earned non-alimony income during the years in question (1980–1983).

■ According to appellant, appellee's tax burden increased proportionately by the amount of alimony she received in a given year. Therefore, the less alimony he paid, the more of a "tax savings" appellee realized. He complains that appellee offered no evidence by which the trial court could have computed her tax burden on non-alimony income compared to the higher tax burden she would have incurred had he paid her the full amount of alimony. Needless to say, appellant offers no authority to support his position. He merely complains of appellant's failure of proof as to the lessening of her tax burden. We presume appellant's complaint goes to a mitigation of damages issue (i.e., that he is entitled to an offset against the amount of judgment for any "tax savings" appellee realized). However, the burden to prove the amount of damages that were or could have been mitigated lies with the party who has breached the contract. *Copenhaver v. Berryman*, 602 S.W.2d 540, 544 (Tex.Civ. App.—Corpus Christi 1980, writ ref'd n.r. e.).

■ Appellant's argument is meritless. We are unaware of any principle or authority which would allow an offset to the party who has breached a contract for a "tax savings" the non-breaching party "realized" as a result of the breach. This particular contract did not specify that federal income tax consequences were cognizable factors in calculating damages (except as regards the child support provision). Even if such tax consequences were relevant, appellant's argument misplaces the evidentiary burden.

We have carefully reviewed the record and find there is ample evidence to support the trial court's award of $12,521.51 for unpaid alimony. The alimony agreement, although complex, is quite clear and direct. Appellee introduced evidence, summaries of testimony, and mathematical calculations of the amount of alimony due in the years in question and the amount appellant paid.

By his fourth point of error, appellant complains that the trial court erred in entering judgment upon the contractual alimony provision of the agreement because this provision is void and unenforceable as it is against public policy. Specifically, he complains that the following provision renders the entire contractual alimony agreement void: "[S]hould husband substantially default in making payments due under this Section ..., all arrearages may at her [appellee's] option be deemed child support and payable under [the child support provision]." Appellant argues this language is an attempt to make the alimony provision enforceable by the contempt powers of the courts, and is, therefore, void and unenforceable.

We note that, in this case, appellee did not seek to enforce the alimony agreement by contempt; instead, she only brought contempt proceedings to collect unpaid child support. Her counterclaim alleged appellant defaulted in making both types of payments.

■ It is against the public policy of this state for a trial court to order the payment of alimony after a judgment of divorce has been entered. *Francis v. Francis*, 412 S.W.2d 29, 32–33 (Tex.1967). However, contractual obligations assumed by one spouse to make payments for the support of the other spouse after divorce do not violate public policy. *Francis*, 412 S.W.2d at 33. In the divorce decree involved in this case, the trial court merely approved of the parties' agreement incident to divorce and incorporated it by reference into the decree. No alimony was ordered.

■ Although appellant is correct that a court cannot coerce the payment of alimony by contempt, we do not interpret this provision as allowing such a result. To automatically transform alimony arrearages into child support at some future date might affect a modification in child support. An increase in court-ordered child support must be based upon the changed circumstances of the child or the parents between the time the order was entered and the time the modification is sought. TEX.FAM.CODE ANN. § 14.08(c)(2) (Ver-

non Supp.1986). To allow for an arbitrary increase in the amount of child support to be paid at some uncertain date would be an abuse of discretion by the trial court. *See Abrams v. Abrams,* No. 13–86–095–CV (Tex.App.—Corpus Christi, June 26, 1986, no writ) (not yet reported). This provision would be unenforceable by contempt and is essentially a nullity insofar as the contempt powers of the courts of this state are concerned. We do not interpret this provision as an attempt to enforce the alimony provision by contempt. However, the parties could contractually agree to the payment of child support and the provision could be enforceable as contract terms. *See Adwan,* 538 S.W.2d at 195.

At the hearing on the modification and counterclaim, appellant stated that this settlement agreement was structured to provide him the maximum federal income tax advantages possible. While the provision transforming alimony arrearages into child support is only enforceable in Texas courts as an action on the contract, the federal income tax consequences to appellant of such a transformation may provide as strong an incentive for compliance as the contempt powers of a Texas court. *See* I.E.C. § 71(b)(1)(B) (West Supp.1986).

This provision is not against public policy, and it does not render the entire alimony agreement void and unenforceable. Appellee did not seek to enforce contractual alimony by contempt, she sought her relief on the contract, and that is the only issue before this Court. Appellant's points of error are overruled.

The judgment of the trial court is affirmed.