MAURICEVILLE NATIONAL
BANK, Petitioner

v.

Harvey **ZERNIAL** d/b/a Zerco Paint Co.,
Craft Systems, Inc., Bellard's Drapery,
Inc., CSW Supply, Inc., Cobb Air Conditioning, Respondents.

No. 94–1149.

Supreme Court of Texas.

Feb. 16, 1995.

Rehearing Overruled March 16, 1995.

---

Thomas J. Sibley, Mickey R. Olmstead, Richard J. Clarkson, Beaumont, Ed Small, and Clint C. Small, Jr., Austin, for petitioner.

Terry W. Wood, Mel Shelander, and Ethan L. Shaw, Beaumont, for respondents.

PER CURIAM.

This case concerns a judgment of conversion against Mauriceville National Bank for exercising its contractual right to use a depositor's funds to offset obligations on a debt. Mauriceville National Bank used proceeds deposited by Blount Construction, Inc., a building contractor and depositor, to offset overdue payments on several outstanding loans. Blount had fallen behind on loan payments, and after he made a significant deposit, an officer of the bank contacted Blount to ask whether the bank could use some of the deposited funds to bring his interest payments current, and Blount approved. The principal payments remained overdue after the payment. Shortly thereafter, Blount filed a voluntary petition for bankruptcy. When the bank learned of his bankruptcy, it then placed a hold on the balance of his account and refused to honor several checks written on the account by Blount as payment to several of Blount's subcontractors. The trial court rendered judgment against the bank on the subcontractors' claims for conversion, and awarded actual and punitive damages. The court of appeals affirmed, holding that the bank had actual or constructive knowledge that it was holding the deposited funds only in trust for the subcontractors. We reverse.

The court of appeals correctly states that a bank with knowledge of the trust character of money deposited into an account cannot use the trust funds to offset a deposi-

tor's debt. 880 S.W.2d 282 at 287 (Tex. App.—Beaumont 1994, writ granted) (*citing Security State Bank v. Valley Wide Elec.,* 752 S.W.2d 661, 665 (Tex.App.—Corpus Christi 1988, writ denied)). However, the *Valley Wide* line of cases are inapposite. In those cases, the banks had a pre-deposit arrangement with the depositor, creating a trust or allowing the deposit of a third party's funds. *See Steere v. Stockyards Nat'l Bank,* 256 S.W. 586, 588 (Tex.1925) (where bank knew that deposited funds belonged not to the depositor but to the depositor's customers, bank committed conversion by using those proceeds to pay depositor's overdraft); *Valley Wide,* 752 S.W.2d at 665 (bank violated pre-deposit assignment agreement with depositor); *Allied Bank West Loop, N.A. v. C.B.D. & Assocs., Inc.,* 728 S.W.2d 49, 58 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.) (bank held liable for withholding third party's funds deposited in an depositor's account subject to a pre-deposit agreement with the bank); *Houston Nat'l Bank v. Biber,* 613 S.W.2d 771, 775 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.) (holding that when bank used money it was holding only for safe-keeping, the bank was liable for conversion); *Continental Nat'l Bank v. Great Am. Management & Inv., Inc.,* 606 S.W.2d 346, 347 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n.r.e.) (bank committed conversion when it had pre-deposit knowledge that all funds deposited were advanced for a particular purpose). In the present case, the only notice of a third party claim to the funds deposited in Blount's account was the subsequent demand by Blount's third party creditors.

Generally, when a depositor deposits funds into a bank account, those funds are unrestricted. The bank's obligation is to pay those funds back pursuant to the depositor's instruction. Such funds, however, are subject to the bank's common law right of setoff. *Bandy v. First State Bank, Overton,* 835 S.W.2d 609, 618 (Tex.1992). In this case, the bank also had a contractual right of setoff in the deposit agreement as well as a right to set off under the security agreement. Furthermore, Blount directed the bank to use the funds to set off his overdue payments.

All of these establish the bank's right to set off these particular funds. A third party cannot unilaterally change a debtor-creditor relationship into a trustee-beneficiary relationship, and change the nature of deposited funds from unrestricted to restricted funds.

Here, there is no evidence of a pre-deposit agreement between Blount and the bank to create a trust, and there is no evidence that the bank knew prior to the deposit that the funds would be held in trust for the subcontractors. To the contrary, the evidence indicated that Blount intended to have the funds be used to offset his arrears. When the unrestricted funds were deposited into Blount's account, those funds became subject to the bank's right of setoff. The funds did not change their status merely because subsequent to the deposit the third party creditors notified the bank of their claims. Accordingly, an action for conversion of those funds by the bank cannot stand when the bank properly exercised its right to set off. Additionally, since the imposition of a constructive trust and the award of punitive damages were contingent upon a finding of conversion, those awards must also fall.

Pursuant to Rule 170 of the Texas Rules of Appellate Procedure, a majority of the court grants the application for writ of error of Mauriceville National Bank and, without hearing oral argument, reverses the court of appeals' judgment and renders judgment for Mauriceville National Bank.