**BILEK & PURCELL INDUSTRIES, INC., Appellant,**

v.

**PADERWERK GEBR. BENTELER GmbH & CO., Appellee.**

**No. 01–85–102–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 3, 1985.

Edward A. Mattingly and Lawrence B. Greer, Hudgins, Hudgins, Warrick & Mattingly, Houston, for appellant.

Stephen R. Kirklin, Betty T. Tauber and Thomas W. Burch, III, Kirklin, Boudreaux & Joseph, Houston, for appellee.

Before EVANS, C.J., and SAM BASS and HOYT, JJ.

## OPINION

HOYT, Justice.

This is an appeal by writ of error from a default judgment awarding the appellee $260,000 and post-judgment interest. The award represented a claim for contribution following a settlement entered into between the appellee and the original plaintiff, Damson Oil. We reverse and remand.

Damson Oil, which engaged in exploration and production of oil and gas, purchased a coupling device from Davidson Oil Country Supply. Damson Oil discovered a leak while performing a routine trip into a well to "fracture" it. The coupling connecting two sections of casing split, preventing a successful "trip" and causing the leak. Damson Oil sued Davidson Oil Country Supply and Paderwerk Gebr. Benteler GmbH & Co. (Paderwerk) among others for damages. Paderwerk, as a third-party plaintiff, sued Bilek & Purcell for contribution and indemnity.

Citation to Bilek & Purcell was originally sought at 814 Pinemont, Houston, Texas by serving its registered agent. The officer's unexecuted return showed eight entries and several addresses where service could have been attempted. Service of citation was then had on the Secretary of State. The citation, issued by the Secretary of State, was returned "unclaimed" and default judgment was then entered.

In point of error one Bilek & Purcell contends that there is a lack of jurisdiction because the substitute service did not confer jurisdiction over it.

■ Because procedural rules relating to service of process are mandatory, a default judgment based upon service of citation not complying with the rules is void. *Texas Inspection Services, Inc. v. Melville,* 616 S.W.2d 253, 254 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ). When a direct attack is made on a default judgment, no presumptions in support of a judgment will be indulged. *McKanna v.*

*Edgar,* 388 S.W.2d 927, 929 (Tex.1965). Furthermore, a showing of reasonable diligence to serve a corporation's president, vice-president, or the its registered agent at its registered office is required before substitute service can be authorized. *Travis Builders, Inc. v. Graves,* 583 S.W.2d 865, 867 (Tex.Civ.App.—Tyler 1979, no writ). Reasonable diligence must be apparent on the face of the record. *Charles Cohen, Inc. v. Adams,* 516 S.W.2d 464, 466 (Tex.Civ.App.—Tyler 1974, no writ).

■ Substitute service by way of the Secretary of State is available only when service cannot be accomplished in accordance with art. 2.11 of the Texas Business Corporation Act, which states in pertinent part:

A. The president and all vice presidents of the corporation and the registered agent of the corporation shall be agents of such corporation upon whom any process, notice, or demand required or permitted by law to be served upon the corporation may be served.

B. Whenever a corporation shall fail to appoint or maintain a registered agent in this State, *or whenever its registered agent cannot with reasonable diligence be found at the registered office, then the Secretary of State shall be an agent of such corporation upon whom any such process, notice, or demand shall be made by delivering to and leaving with him, or with the Assistant Secretary of State, or with any clerk having charge of the corporation department of his office, duplicate copies of such process, notice, or demand. . . . .* (Emphasis added).

The officer's return on the citation shows only that the officer failed to effect service of the third-party petition on Bilek & Purcell. The eight entries on the return do not indicate that attempts to serve the appellant were made. Although four different addresses appeared on the return, there was no indication that service was attempt-

ed at any of the addresses. Paderwerk then filed two supplemental third-party petitions. The second supplemental petition sought substituted service because service could not be accomplished on the registered agent at the registered office. No explanation was offered regarding the numerous addresses or the inconsistent addresses listed for the office of the registered agent.

Paderwerk contends that the record shows numerous attempts to serve Bilek & Purcell and that if this court gives a fair, reasonable, and natural construction to the statute as it applies to this citation, the service would be valid. Paderwerk relies on *Stephenson v. Corporate Services, Inc.,* 650 S.W.2d 181 (Tex.Civ.App.—Tyler 1983, writ ref'd n.r.e.) and *Labor Force, Inc. v. Hunter, Farris & Co.,* 601 S.W.2d 146 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). These cases are inapposite. In *Stephenson,* the issue was whether the omission of "Ltd." rendered the judgment void. The court reasoned that a fair, reasonable, and natural construction should be given the return. That reasoning is inapplicable because the omission in the case at bar was in reciting an incorrect address for the registered agent. In *Labor Force,* the designations of the registered agent and registered office on the petition were identical to those on the certificate issued by the Secretary of State. Here, while one of the addresses on the return was identical to that issued by the Secretary of State, the record does not reflect that service was attempted on the agent at that address.

The requirement of art. 2.11 of "reasonable diligence" has not been met. We sustain appellant's point of error one.

 We also sustain appellant's point of error three in which it contends that leave of court was never granted to Paderwerk to file the third-party action. Rule 38 of the Texas Rules of Civil Procedure requires leave of court when filing a third-party action unless the third-party petition is filed within 30 days of the third-party plaintiff's original answer. The record contains an original and two supplemental third-party actions, an unsigned order granting leave to file, and a request for submission. Additionally, the docket sheet has no entry indicating that the court took action on the request either on submission or as a result of a hearing. It is also apparent that Paderwerk's third-party petition was filed more than 30 days after its original answer was filed.

In the remaining points of error, Bilek & Purcell contends (1) that judgment was entered in the original cause as opposed to the severed cause; (2) that the judgment was vague and uncertain and did not conform to the pleadings; (3) that no recovery of contribution was available to appellee because there was no finding of percentages of causation; and, (4) that there was no evidence supporting the award of damages. Because of our holding on points of error one and three, we find it unnecessary to address these points.

The judgment of the trial court is reversed and the cause remanded.

Publish. Tex.R.Civ.P. 452.