**HOUTEX MANAGING GENERAL AGENCY, INC., et al., Appellants,**

v.

**Earl HARDCASTLE, et al., Appellees.**

No. 01–87–00088–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 25, 1987.

Rehearing Overruled Aug. 13, 1987.

cy, Inc. ("Houtex"), was required to perfect this appeal on or before January 21, 1987, but instead, it filed a bond on January 27, 1987; (2) Houtex allegedly has had one appeal on this case and may not have a "second bite out of the same apple"; and (3) Houtex participated in the trial.

Our review of the record reveals that the appeal was timely perfected on January 21, 1987. Following an attempt on a motion for new trial to get the trial court to rescind the default judgment, Houtex attempted a direct appeal that was dismissed for lack of jurisdiction because its appeal bond was filed late. This failed attempt at direct appeal is what the appellees regard as a "first bite" of the apple.

■ We disagree with the appellees that Houtex's failed attempt at appeal constituted an appeal. It is well settled that a party suffering a default judgment may perfect an appeal, or abandon it and pursue his statutory rights under the writ of error. *See Reef v. Hamblen*, 47 S.W.2d 375, 377 (Tex.Civ.App.—Dallas 1933, no writ) (op. on reh'g). Moreover, an attempted appeal is a "separate, distinct, and different proceeding" from a writ of error proceeding, and "the motion and orders in that proceeding have no place, and cannot be considered," in a writ of error proceeding. *Shipp v. Metzger Dairies*, 88 S.W.2d 660, 661 (Tex. Civ.App.—San Antonio 1935, no writ); *In re Dudley's Estate*, 88 S.W.2d 616, 618 (Tex.Civ.App.—San Antonio 1935, no writ) (op. on reh'g).

■ Neither did Houtex's motion to rescind entry of the default judgment constitute "participation at trial." A party's appearance at a hearing to set aside a temporary default judgment is not participation in an actual trial. *Cates v. Pon*, 663 S.W.2d 99, 101 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). To participate in a trial, a party must participate in every step taken in the determination of the issues, including a courtroom hearing leading to the judgment rendered. *Phillips Petroleum Co. v. Bivins*, 423 S.W.2d 340, 343 (Tex.Civ.App.—Amarillo 1967, writ ref'd n.r.e.).

Lawrence B. Greer, Frank E. Mann, III, Houston, for appellants.

C. Randall Michel, Vance, Bruchez & Goss, Bryan, for appellees.

Before EVANS, C.J., and HOYT and COHEN, JJ.

## OPINION

HOYT, Justice.

In three counterpoints of error, the appellees contend that this Court lacks jurisdiction to hear this appeal because: (1) the appellant, Houtex Managing General Agen-

We find no basis for appellees' jurisdictional challenge, and overrule the appellees' counterpoints and motion to dismiss.

In its first point of error, Houtex contends that the default judgment was erroneously granted against it because "there is a lack of jurisdiction apparent on the face of the record"; it was not served with process. Specifically, the appellant argues that the appellees did not satisfy the requirements of Tex.Bus.Corp.Act., art. 2.11(B) (Vernon 1980), in that: (1) there was no affirmative showing on the face of the record that the appellees used reasonable diligence in attempting to serve it; and (2) the "officer's return" did not make clear on which defendant service was attempted. The record reflects that the service upon Houtex was requested "by serving its agent for service: Donald M. Goff, 1425 Blalock/Suite 207, Houston, Texas 77055." The "Constable's Return" reflects that service was "not executed as to the defendant" Houtex Managing General Agency. A second defendant's name, Central Texas Insurance Company, was also written on the return. In the area where reasons for failing to execute service may be stated, the officer wrote: "RTC B/A Moved."

 A default judgment entered following substituted service is void when the procedural rules relating to service of citation have not been strictly complied with. *Bilek & Purcell v. Paderwerk Gebr.*, 694 S.W.2d 225, 226 (Tex.App.—Houston [1st Dist.] 1985, no writ). No presumptions of regularity are indulged in an appeal by writ of error. *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex.1965). Furthermore, a showing on the face of the record, of reasonable diligence to serve a corporation's registered agent, president, or vice-president, is required before substitute service is authorized. *Bilek & Purcell*, 694 S.W.2d at 226; *see also Maritime Services, Inc. v. Moller Steamship Company*, 702 S.W.2d 277, 278 (Tex.App.—Houston [1st Dist.] 1985, no writ).

 The officer's return of citation does not show that service was attempted on either the registered agent, president, or vice-president of Houtex. Indeed, the record is unclear as to whether Donald M. Goff is a proper person to receive service of citation, since he is simply listed as the "agent for service." Furthermore, by writing the name of Central Texas Insurance Company alongside that of Houtex, in the space provided to show lack of service, the officer further confuses an otherwise unclear record.

We conclude that the requirements of art. 2.11 have not been met, in that this record does not show that reasonable diligence was exercised in attempting service on either the president, vice-president, or the registered agent of Houtex. Failing to meet the strictures of art. 2.11 defeats any jurisdiction that a trial court may otherwise acquire through substitute service. *McKanna*, 388 S.W.2d at 929.

Point of error one is sustained.

In its second point of error, the appellant contends that the trial court erred in granting the default judgment since the appellees "did not offer any evidence as to the amount of or the cause of damages, [and therefore] there is insufficient evidence, as a matter of law,...." Because of our holding that the trial court was without jurisdiction for lack of proper service, we find it unnecessary to address this point.

The judgment of the trial court is reversed, and the cause remanded.