John H. TRUEHEART, Jr. and Bharat C. Sanghavi, Appellants,

v.

Bill G. BRASELTON and Billy Braselton, Appellees.

No. 13–92–685–CV.

Court of Appeals of Texas, Corpus Christi.

March 31, 1994.

Daniel Bedinger, Porto, Trueheart & Harper, Houston, for appellants.

James R. Harris, Andrew M. Greenwell, Harris & Thomas, Corpus Christi, for appellees.

Before DORSEY, GILBERTO HINOJOSA and FEDERICO G. HINOJOSA, Jr., JJ.

**OPINION**

DORSEY, Justice.

Appellant, John Trueheart, appeals from a summary judgment granted in favor of appellees, Bill and Billy Braselton, (Braseltons) on their counterclaim and defense to a note. Bharat Sanghavi, appellant, also appeals from an interlocutory default judgment granted against him, as a cross defendant in favor of the Braseltons. Appellants claim that the trial court erred in granting summary judgment for two reasons: appellees failed to obtain leave of court prior to filing their third-party action against Sanghavi and appellees' evidence to support the summary judgment was insufficient. We affirm.

The Braseltons and Sanghavi were once partners in a land development venture in Hidalgo County. They jointly purchased acreage in 1984 and financed the land with a first lien from InterFirst Bank Harlingen and a second lien from Southport Development in the amount of $80,000. Sanghavi and the Braseltons were jointly and severally liable on both notes. The development was not successful and InterFirst foreclosed on the land. Prior to InterFirst's foreclosure, the Braseltons purchased Sanghavi's interest in the land with a $55,000 note due on June 9, 1988. The Braseltons claim that the note was subject to an oral condition precedent that the note would be payable out of any sales proceeds. Southport Development sued the Braseltons and Sanghavi on the $80,000 note in February 1988. To settle Southport's claim, the Braseltons allege that they purchased the note and are entitled to payment from Sanghavi. Trueheart represented Sanghavi in the land development project with the Braseltons from 1984 until approximately 1987. Sanghavi assigned the $55,000 note from the Braseltons to Trueheart on July 1, 1988.

Trueheart sued the Braseltons in 1988 to collect on the Sanghavi note. The Braseltons filed an amended answer, an original counterclaim against Trueheart, and a third-party complaint against Sanghavi for moneys due on the Southport note in 1990. The Braseltons did not request leave of court to file their third-party complaint against Sanghavi. Trueheart did not move to strike or other-

wise complain of the third party complaint at the time, although he timely answered the counterclaim against him based on the debt claimed in the third party action.

Sanghavi was served and failed to appear. A default judgment was entered against Sanghavi in February 1991 on the Southport note. After the default judgment was signed, Trueheart filed a motion to set aside the interlocutory default judgment and strike the third party action which was denied by the trial court.

■ Appellant's first point of error claims that the default judgment against Sanghavi was void because appellee violated the requirements of Rule 38(a), in that no leave of court was obtained before the Braseltons filed the third party action against Sanghavi.[1] Appellants claim that failure to obtain leave of court is reversible error even when no timely objection was made to the third-party action. *Bileck & Purcell Ind., Inc. v. Paderwerk Gebr. Benteler GmbH & Co.*, 694 S.W.2d 225, 227 (Tex.App.—Houston [1st Dist.] 1985, no writ). We disagree.

■ Trial courts have broad discretion in matters such as party joinder. *Hedley Feedlot, Inc. v. Weatherly Trust*, 855 S.W.2d 826, 833 (Tex.App.—Amarillo 1993, writ denied); *Texas Oil & Gas Corp. v. Ostrom*, 638 S.W.2d 231, 235 (Tex.App.—Tyler 1982, writ ref'd n.r.e.); *Williamson v. Tucker*, 615 S.W.2d 881, 886 (Tex.App.—Dallas 1981, writ ref'd n.r.e.). A trial court's action in procedural matters will not be disturbed on appeal except for abuse of discretion. *Id.* at 887.

In *Goswami v. Metropolitan Sav. and Loan Ass'n*, 751 S.W.2d 487, 490 (Tex.1988), the Supreme Court held that a party's failure to obtain leave of court to file an amended pleading within seven days of trial was not fatal to the pleading. The *Goswami* court reached its decision despite the specific language of Rule 63, "shall be filed only after leave of the judge is obtained. . . ." The record in *Goswami* was silent as to whether leave was requested or granted, a motion to strike, or the court's refusal of leave to file.

Here, appellant Trueheart filed no objection to the third party petition until after the court entered a default judgment. The trial court denied Trueheart's motion to strike. The trial court did not abuse its discretion in refusing to strike the pleading. Point one is overruled.

■ In point two, Trueheart complains that the evidence is insufficient to sustain the Braseltons' motion for summary judgment. Appellees moved for summary judgment on two grounds: first that there was an oral condition precedent to the note that had not been met and second, that appellees had an offset to the $55,000 Sanghavi note.

■ In a summary judgment proceeding, the burden is on the movant to establish that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. Evidence favorable to the non-movant will be taken as true; every reasonable inference from the summary judgment evidence will be indulged in favor of the non-movant, and any doubts resolved in the non-movant's favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). The standard of review is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of material fact as to the elements of the defense. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972); *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970).

Braseltons' summary judgment proof consisted of: affidavits of Bill and Billy Braselton, copies of the InterFirst and Southport notes, excerpts from the depositions of Trueheart and Sanghavi, the Sanghavi note and its assignment to Trueheart, the default judgment against Sanghavi, and the order denying Trueheart's motion to strike the third-party petition against Sanghavi. Trueheart filed a response to the motion in which he reasserted his position that the interlocutory default judgment should be set aside, acknowledged that the Sanghavi note was assigned after it was in default, and

---

1. A defendant may bring in a third party to a lawsuit at any time, however if he seeks to do so more than thirty days after filing his original answer "he must obtain leave on motion upon notice to all parties to the action." TEX. R.CIV.P. 38(a).

asserted that the parol evidence rule precluded evidence of the alleged oral condition precedent to collection of the Sanghavi note. No summary judgment proof was attached to Trueheart's response.

■ The final judgment included both the default judgment against Sanghavi and summary judgment in favor of Braseltons. The summary judgment was granted generally; if it can be upheld on any ground asserted in the motion, it will be sustained. *Benavides v. Moore*, 848 S.W.2d 190, 192 (Tex.App.—Corpus Christi 1992, writ denied).

■ First, we determine whether the Braseltons are entitled to setoff Sanghavi's debt to them on the Southport note against their debt to Trueheart as Sanghavi's assignee. In an action between the original parties to a note, the defendant may assert counterclaims and setoff. *See Hemphill v. Greater Houston Bank*, 537 S.W.2d 124, 125 (Tex.Civ. App.—Houston [14th Dist.] 1976, no writ); *Southwest Am. Life Ins. Co. v. Dunn*, 344 S.W.2d 948, 952 (Tex.Civ.App.—Eastland 1961, writ ref'd n.r.e.); *Ferguson v. Plainview Nat'l Bank*, 42 S.W.2d 834, 837 (Tex. Civ.App.—Amarillo 1931, no writ). An assignee's right to enforce a contract against the obligor is subject to all limitations of the obligee's right, to all defenses, set offs, and counterclaims of the obligor that would have been available against the obligee had there been no assignment, if the defenses and set offs are based on facts which existed at the time of the assignment. *Vogt v. Jones*, 396 S.W.2d 539, 540 (Tex.Civ.App.—Fort Worth 1965, no writ) (citing RESTATEMENT OF CONTRACTS Ch. 7 § 167).

■ The Sanghavi note is a negotiable instrument and is governed by Chapter 3 of the Uniform Commercial Code.[2] Trueheart's admission that the note was assigned *after* default removes his claim from the favorable treatment accorded holders in due course.[3] TEX.BUS. & COM.CODE ANN. § 3.306 (Vernon 1968). Thus, Trueheart is only a holder and his claims are subject to all defenses of a party to the instrument that would be available in a contract action and all valid claims to the instrument on the part of any person. *Id.; Williams v. Stansbury*, 649 S.W.2d 293, 295 (Tex.1983). "All valid claims" includes claims of legal title, all liens, equities or other claims of right against the instrument or its proceeds. TEX.BUS. & COM.CODE ANN. § 3.306 comment 2.

■ Setoff is a form of counterclaim which a defendant may urge by way of defense or to obtain a judgment for whatever balance is due. *Nalle v. Harrell*, 118 Tex. 149, 12 S.W.2d 550 (1929). "Set-off 'is the doctrine of bringing into the presence of each other the obligation of A to B and B to A and by the judicial action of the court making each obligation extinguish the other.'" *Dickinson State Bank v. Ogden*, 624 S.W.2d 214, 222 (Tex.Civ.App.—Houston [1st Dist.] 1981), *rev'd on other grounds*, 662 S.W.2d 330 (Tex.1983) (quoting *Nalle*, 12 S.W.2d at 551).

Trueheart is Sanghavi's assignee and is not a holder in due course. All defenses available to the Braseltons against Sanghavi may be asserted against Trueheart, including setoff and failure of an alleged oral condition precedent to collection of the Sanghavi note. Thus, the Braseltons may assert the same counterclaims or defenses against Trueheart.

■ A holder of a note who establishes that he owns the note, that the person from whom he seeks to recover was a maker of the note, and the note is in default establishes his right to recovery on the note unless the maker interposes a defense to the note. *Whittenburg v. Cessna Finance Corp.*, 536 S.W.2d 444, 445 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.). Trueheart did not raise any issue of material fact prior to the summary judgment on the Braseltons right to recover on the Southport note. As a matter of law appellees are entitled to summary judgment on their setoff

---

**2.** TEX.BUS. & COM.CODE ANN. Ch. 3 (Vernon 1968).

**3.** A holder in due course is a holder who takes the instrument for value, in good faith and without notice that it is overdue. TEX.BUS. & COM.

CODE ANN. § 3.302 (Vernon 1968). A purchaser has notice that an instrument is overdue if he has reason to know that any part of the principal amount is overdue. TEX.BUS. & COM.CODE ANN. § 3.304(c) (Vernon 1968).

claim; we need not consider the other basis for summary judgment. Point of error two is overruled.

The judgment is **AFFIRMED.**