NUMBER 13-01-851-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JOHN FREDERICK FRITZ, D/B/A FRITZ'S ADVENTURES, 

 Appellant,


v.


INTER NATIONAL BANK, 

 Appellee.

 


On appeal from County Court at Law No. 1 of Hidalgo County, Texas. 

 


MEMORANDUM OPINION



Before Justices Hinojosa, Yañez, and Garza


Opinion by Justice Garza


 

Appellant challenges a trial court's award of summary judgment to appellee on its
claims to recover principal and interest due on a promissory note and to foreclose on its
security interest in collateral securing that note. We affirm. 


Background

This lawsuit arises from a loan made by Inter National Bank (the "Bank") to John
Frederick Fritz d/b/a Fritz's Adventures ("Fritz"). In August 1998, Fritz executed a
promissory note (the "Note") payable to the Bank in the amount of $10,000 with a maturity
date in March of 1999. At the same time, the parties also executed a security agreement
(the "Security Agreement") by which Fritz posted his inventory, equipment, general
intangibles and rights of payment as collateral on the Note. In the months that ensued, the
Bank agreed to modify the terms of the Note at least twice, first postponing its maturity
date to November of 1999 and then extending it again to July of 2000. Despite these
modifications, the Note became delinquent. In March of 2001, the Bank sent a written
delinquency notice to Fritz and demanded payment of all accrued interest and principal due
on the Note by no later than April 13, 2001. Its collection efforts were to no avail. 

The Bank subsequently filed this lawsuit in May of 2001, seeking a judgment
awarding all monies owed on the Note, foreclosing its security interest in Fritz's collateral,
and awarding it reasonable attorney's fees and court costs. Fritz filed a written answer in
which he challenged the Bank's security interest as not being certified, denied his
ownership of and affiliation with Fritz's Adventures, and claimed that the trial court lacked
jurisdiction over him because he no longer did business as Fritz's Adventures. 

The Bank moved for summary judgment based on the following evidence: (1) the
Note; (2) the Security Agreement; (3) a note renewal signed by Fritz (the "Note Renewal");
(4) two documents signed by Fritz delaying the maturity date of the Note; (5) a UCC-1
financing statement signed by Fritz and filed with the Texas Secretary of State; (6) the
demand letter sent by the Bank; (7) an affidavit of Joel Vanderveer, an officer with the
Bank, stating his personal knowledge of all the aforementioned documents, confirming
their truth and accuracy, and establishing the amount still owed to the Bank by Fritz; and
(8) an affidavit of Michael A. McGurk, an attorney for the Bank, stating that the Bank had
incurred reasonable attorney fees in the amount of $3,000 in pursuing its claims against
Fritz through the summary judgment hearing. 

Fritz did not file a written response to the Bank's motion for summary judgment and
did not appear at the hearing to defend against it. The trial court awarded summary
judgment to the Bank, and Fritz did not request a new trial. He now appeals to this Court. 

Jurisdiction

As a preliminary matter, Fritz argues that the trial court's order awarding summary
judgment to the Bank is "false and fictitious" because he had no notice of the lawsuit. 
According to Fritz, "[A] clear case of want of Jurisdiction exists by virtue of defective
process and abuse of process by the original Court where upon no jurisdiction in Rem or
Personam did exist for want of Jurisdiction." Despite making these allegations on appeal,
Fritz waived any service of process defects by answering the Bank's complaint. It is well-settled law that an appearance waives service of process, see Tex. R. Civ. P. 120, and that
an answer constitutes an appearance, see Tex. R. Civ. P. 121. Thus, Fritz cannot claim
lack of jurisdiction based on defective notice, and we overrule his jurisdictional challenges.

Standard of Review

We review summary judgments de novo. Natividad v. Alexsis, Inc., 875 S.W.2d
695, 699 (Tex. 1994); Michael v. Dyke, 41 S.W.3d 746, 752 (Tex. App.--Corpus Christi
2001, no pet.); Texas Commerce Bank-Rio Grande Valley, N.A. v. Correa, 28 S.W.3d 723,
726 (Tex. App.--Corpus Christi 2000, pet. denied). To prevail, the moving party has the
burden of showing that there is no genuine issue of material fact and that he is entitled to
judgment as a matter of law. Tex. R. Civ. P. 166a(c); Cathey v. Booth, 900 S.W.2d 339,
341 (Tex. 1995) (per curiam); see also Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471
(Tex. 1991); Hartman v. Urban, 946 S.W.2d 546, 548 (Tex. App.--Corpus Christi 1997, no
writ). The standards for reviewing summary judgment evidence are:

(1) The movant for summary judgment has the burden of showing that there
is no genuine issue of material fact and that it is entitled to judgment as a
matter of law.

(2) In deciding whether there is a material fact issue precluding summary
judgment, evidence favorable to the non-movant will be taken as true.

(3) Every reasonable inference must be indulged in favor of the non-movant
and any doubts resolved in its favor.


Sysco Food Servs. v. Trapnell, 890 S.W.2d 796, 800 (Tex. 1994); see also Cathey, 900
S.W.2d at 341; Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). 

When a party does not respond to a motion for summary judgment, on appeal, he
may only complain that the grounds for the summary judgment are insufficient as a matter
of law. Swedlund v. Banner, 970 S.W.2d 107, 109 (Tex. App.--Corpus Christi 1998, pet.
denied); see also McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 343 (Tex.
1993); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). If
a trial court's order granting a motion for summary judgment does not specify the basis for
its ruling, the appellate court will affirm the summary judgment if any of the theories
advanced are meritorious. See Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex.
2001); State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993); Krishnan v.
Law Offices of Preston Henrichson, P.C., 83 S.W.3d 295, 303 n.4 (Tex. App.--Corpus
Christi 2002, pet. denied); Boren v. Bullen, 972 S.W.2d 863, 865 (Tex. App.--Corpus
Christi 1998, no pet.). In such cases, the non-movant must show on appeal that each
independent ground alleged is insufficient to support the summary judgment in order to
warrant reversal. See Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970). 

Analysis

A. Conditions Precedent

The first issue regards conditions precedent. A party seeking to recover under a
contract bears the burden of proving that all conditions precedent have been satisfied. 
Associated Indem. Corp. v. CAT Contracting, Inc., 964 S.W.2d 276, 283 (Tex. 1998). A
condition precedent is an event that must happen or be performed before a right can
accrue to enforce an obligation. Centex Corp. v. Dalton, 840 S.W.2d 952, 956 (Tex. 1992). 
It can be a condition to the formation of a contract or a condition to an obligation to perform
an existing agreement. Hohenberg Bros. Co. v. George E. Gibbons & Co., 537 S.W.2d 1,
3 (Tex. 1976); Turboff v. Gertner, Aron & Ledet Inv., 840 S.W.2d 603, 607 (Tex.
App.--Corpus Christi 1992, writ denied). 

Rule 54 of the Texas Rules of Civil Procedure allows a plaintiff to plead generally
that all conditions precedent to its claim have been performed or have occurred, so that
it need only prove those conditions specifically denied by the opposing party. See, e.g.,
Llanes v. Davila, No. 13-02-129-CV, 2003 Tex. App. LEXIS 392, *16 (Corpus Christi
January 16, 2003 pet. denied). In this case, the Bank pled that all conditions precedent
for a suit to recover on the Note and for breach of the Security Agreement (collectively the
"collection suit") had been performed or had occurred. We must therefore examine Fritz's
answer to determine which, if any, conditions precedent he specifically challenged. See,
e.g., Cmty. Bank & Trust v. Fleck, 107 S.W.3d 541, 542 (Tex. 2002) (upholding summary
judgment in favor of plaintiff where defendant failed to specifically challenge a condition
precedent to plaintiff's suit in any of its pleadings). 

At the outset, we note that Fritz's answer did not specifically deny any conditions
precedent, as such, but it did deny certain matters. For instance, Fritz's answer denied
that he owns or operates Fritz's Adventures, now or at any time. Those denials are
immaterial to this collection suit. The terms of the parties' agreement govern conditions
precedent. See Hohenberg Bros. Co., 537 S.W.2d at 3. 

Here we have numerous contract documents signed by John Frederick Fritz and
Joel Vanderveer, an officer with the Bank. Those documents state, "I [(Fritz)] understand
that I must pay this note even if someone else has also agreed to pay it." From this
language, it appears that Fritz would remain liable for the debt even if a third-party
purchased Fritz's Adventures and assumed the business's liabilities. The contract's
language confirms that interpretation by later stating that Fritz agrees to "waive any
defenses . . . based on suretyship or impairment of collateral." Given these unambiguous
and unequivocal expressions of personal liability for the debt, we cannot conclude that the
contract gave Fritz a right to unilaterally absolve his personal liability for the disputed debt
by simply selling his business to a third-party. Fritz's continued ownership or operation of
Fritz's Adventures is not a condition precedent to the Bank's collection suit. 

 The only other allegation made in Fritz's answer that could be interpreted as
arguably challenging a condition precedent is Fritz's claim that the "plaintiff failed to certify
the alleged security." In his pleadings, Fritz identified no language in the Note or Security
Agreement requiring certification of collateral by the Bank, and he has not raised that issue
again on appeal. 

As we have explained previously, the language of a contract will not be construed
as creating a condition precedent if another reading of that language is possible. Powers
v. Powers, 714 S.W.2d 384, 388 (Tex. App.--Corpus Christi 1986, no writ); see also
Security State Bank v. Valley Wide Elec. Supply Co., 752 S.W.2d 661, 666 (Tex.
App.--Corpus Christi 1988, writ denied). The Texas Supreme Court has repeatedly
emphasized that "[b]ecause of their harshness in operation, conditions precedent are not
favorites of the law." Sirtex Oil Indus., Inc. v. Erigan, 403 S.W.2d 784, 787 (Tex. 1966); see
also Criswell v. European Crossroads Shopping Ctr., Ltd., 792 S.W.2d 945, 948 (Tex.
1990); Hohenberg Bros., 537 S.W.2d at 3. In this case, the contract language lends no
support for the so-called certification of security being a condition precedent. The text just
above Fritz's signature on the Security Agreement states, "I [(Fritz)] give up my rights to
require you [(the Bank)] to do certain things. I will not require you to . . . obtain official
certification of nonpayment (protest)." From these provisions we conclude that no
certification is required for the Bank to pursue its collection suit. Furthermore, we conclude
that Fritz failed to challenge any actual condition precedent applicable to the rights involved
in the suit. Accordingly, the Bank had no burden to prove the existence of any such
conditions. 

We now turn to the specific claims asserted in this case to determine whether the
Bank established its entitlement to summary judgment as a matter of law. At the outset,
we note that the material facts are not disputed. According to Fritz's appellate brief:

John Frederick Fritz more than one year prior to making a personal loan with
the bank divested any and all interests in Fritz's Adventures by properly
disposing the business through a sale to the new owners, Martha Leticia
Romo Carrillo, Priv. Jesus Reyes Heroles #103 Frac. Verssalles 2Da Secc.
Aguascalientes, Mexico.


In the above quote, Fritz admits making the loan with the Bank. His position at trial and on
appeal is that liability for the debt lies solely with the "new owners." According to Fritz, "the
true and lawful owners of Fritz's Adventures [and its debt] . . . are Mexican citizens"
residing in Mexico. 

B. Negotiable Instrument

 The underlying debt in this collection suit is a promissory note. Article 3 of the
Uniform Commercial Code governs negotiable instruments. See Tex. Bus. & Com. Code
Ann. Ch. 3 (Vernon 2002); Trueheart v. Braselton, 875 S.W.2d 412, 415 (Tex.
App.--Corpus Christi 1994, no writ). For an instrument to be negotiable, it must be signed
by the maker, contain an unconditional promise to pay a sum certain on demand or at a
definite time, and be payable to order or to the bearer. See Tex. Bus. & Com. Code Ann.
§ 3.104(a) (Vernon 2002); Akin v. Dahl, 661 S.W.2d 914, 916 (Tex. 1983); Cartwright v.
MBank Corpus Christi, N.A., 865 S.W.2d 546, 549 (Tex. App.--Corpus Christi 1993, writ
denied). A note is considered payable at a definite time even if it states that the maker,
holder or acceptor retains an option to extend the note for a further definite time. See Tex.
Bus. & Com. Code Ann. § 3.108(b) (Vernon 2002). In this case, the Note is signed by its
maker, contains an unconditional promise to pay on demand, and is payable to order. We
conclude that it is a negotiable instrument. 

 To establish a right to recover on a note, a holder must establish that (1) he owns
the note, (2) the person from whom he seeks to recover was a maker of the note, and (3)
the note is in default. See Trueheart, 875 S.W.2d at 415; Whittenburg v. Cessna Fin.
Corp., 536 S.W.2d 444, 445 (Tex. App.--Houston [14th Dist.] 1976, writ ref'd n.r.e.). Fritz
submitted no favorable evidence on these issues to the trial court. The uncontroverted
summary judgment evidence shows that the Bank owns the Note, that Fritz made the Note,
and that the Note is in default. On that basis, we conclude that, as a matter of law, the
Bank is entitled to recover from Fritz the principal and interest due on the Note in the
amount awarded by the trial court.

C. Security Agreement

We must next consider whether the Bank presented the trial court with legally
sufficient grounds for enforcing its security agreement against Fritz. A security agreement
is not enforceable and does not attach to collateral unless (1) value has been given, (2) the
debtor has rights in the collateral, and (3) the collateral is in the secured party's possession
or the debtor has signed a security agreement which contains a description of the
collateral. Unicut, Inc. v. Tex. Commerce Bank-Chemical, 704 S.W.2d 442, 444 (Tex.
App.--Corpus Christi 1986, writ ref'd n.r.e.). Again, the record is devoid of any evidence
favorable to Fritz. The Bank gave value by advancing Fritz $10,000, and Fritz signed not
only the Security Agreement, which described the collateral posted, but also a UCC-1
financing statement, which similarly identified the collateral. Those facts are uncontested.

Presumably, if Fritz had fully developed his argument on appeal, he would have had
us conclude that the county records attached to his answer create a genuine issue of
material fact on the second element regarding his rights in the collateral. Those
documents are fully enumerated and briefly described in the margin. (1) They raise no fact
issues, as they simply track the official registration of "Fritz's Adventures" until October 30,
1998. Beyond that point in time, Fritz's evidence is silent. We are left to presume that "the
true and lawful owners of Fritz's Adventures," as Fritz describes them, transferred
ownership of Fritz's Adventures to "N/A" in October of 1998 and subsequently extinguished
its debt to the Bank by filing a notice with the Hidalgo County Clerk declaring to do just that. Even if ownership of "Fritz's Adventures" could be transferred to "N/A," whatever
that means, the question before us is not who the registered owner of Fritz's Adventures
is according to the Hidalgo County Clerk, but whether the uncontroverted summary
judgment evidence establishes that Fritz has rights in the collateral subject to the Security
Agreement, which he admits having executed. In reviewing the various uncontested
documents submitted in evidence, we find the Note Renewal dispositive. It bears Fritz's
signature and the date April 13, 1999. Like the Security Agreement, the Note Renewal
describes the collateral. In both, Fritz attests to the collateral as follows: "I represent that
I own all of the Property." 

The record contains no evidence showing that the collateral changed ownership
after the declaration made by Fritz in April of 1999. Fritz's evidence shows that he sold
Fritz's Adventures to Mexican nationals who subsequently dissolved the enterprise in
October of 1998. Approximately half a year later, however, Fritz declared ownership of
both the collateral and Fritz's Adventures in the Note Renewal, which was signed by both
parties. As such, the Note Renewal constitutes the last word in the record regarding
ownership of the collateral. On that basis, we conclude that the summary judgment
evidence establishes Fritz's rights in the collateral as a matter of law. 

 In sum, we conclude that the trial court's award of summary judgment was proper
and that appellant has established no reversible error. The judgment of the trial court is
AFFIRMED, and all of appellant's arguments are OVERRULED. 


 ______

 _______________________________
 DORI CONTRERAS GARZA,

 Justice


Opinion delivered and filed this

the 29th day of August, 2003. 
1. [1] Fritz attached the following documents to his answer: (1) an "assumed name certificate" signed by
Fritz and the Hidalgo County Clerk and dated April 26, 1994, which identifies Fritz's Adventures as
Fritz's sole proprietorship; (2) a "certificate of withdrawal from business operating under assumed
name" also issued by the Hidalgo County Clerk, which certifies that as of September 5, 1995, John
Fritz disposed of his interest in Fritz's Adventures to Martha Leticia Romo Carrillo and that "he is no
wise [sic] liable for any debts of the said business"; (3) an "assumed name certificate" signed by
Martha Leticia Romo Carrillo and the Hidalgo County Clerk and dated September 5, 1994, which
identifies Fritz's Adventures as Carrillo's sole proprietorship; and (4) a "certificate of withdrawal from
business operating under assumed name" issued by the Hidalgo County Clerk, which certifies that
as of October 30, 1998, Martha Leticia Romo Carrillo disposed of "his" [sic] interest in Fritz's
Adventures to "n/a."