**Affirmed in Part, Reversed and Remanded in Part, Remittitur Suggested, and Opinion filed June 8, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00459-CV

---

## ADVANCED TECHNOLOGY TRANSFER AND INTELLECTUAL PROPERTY GROUP LLC, Appellant

### V.

## TRICIA KRENEK, Appellee

---

### On Appeal from the 434th Judicial District Court
### Fort Bend County, Texas
### Trial Court Cause No. 18-DCV-250347A

---

## O P I N I O N

After severing appellant Advanced Technology Transfer and Intellectual Property Group LLC's claims against appellee Tricia Krenek from another lawsuit, the trial court granted Krenek's motion to dismiss Advanced Technology's claims pursuant to Texas Rule of Civil Procedure 91a and the Texas Citizens Participation

Act (TCPA).[1] In its final judgment, the trial court assessed attorney's fees and sanctions against Advanced Technology. In issues one, two and three, Advanced Technology asserts various arguments that the trial court's judgment is void. In issue four, Advanced Technology challenges the sufficiency of the evidence to support the trial court's award of attorney's fees. We affirm in part as to issues one through three, affirm in part and reverse in part as to the trial court's award of attorney's fees as challenged in issue four, and suggest a remittitur as to the trial court award of attorney's fees.

## I. BACKGROUND

The City of Fulshear filed suit to quiet title against Advanced Technology. As part of its third amended answer, Advanced Technology asserted a "counterclaim" against Krenek individually, describing her as the mayor pro tem of the City of Fulshear and asserting claims against her for deprivation of constitutional and statutory rights. Krenek voluntarily appeared and filed a motion to dismiss under Rule 91a and the TCPA.

At a December 17, 2018 hearing, the trial court severed Advanced Technology's claims against Krenek from the City of Fulshear's quiet-title action. Tex. R. Civ. P. 41. The trial court then granted Krenek's motion to dismiss under Rule 91a and the TCPA and awarded Krenek $22,595 in attorney's fees and $5,000 in sanctions.

---

[1] Unless otherwise noted, citations to "TCPA" in this opinion are to the version in effect before the September 2019 amendments became effective. *See* Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961, 961–64 (current version at Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001–.011), *amended by* Act of May 24, 2013, 83d Leg., R.S., ch. 1042, §§ 1–3, 5, 2013 Tex. Gen. Laws 2499, 2499–500 (version at issue in this opinion); *see also* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 1–12, 2019 Tex. Gen. Laws 684, 684–87 (amending TCPA and providing that suit filed before amendments become effective "is governed by the law in effect immediately before that date"). *See also* Tex. R. Civ. P. 91a.

## II. ANALYSIS

### A. TCPA amendments

In issue one, Advanced Technology argues that 2019 amendments to the TCPA deprived the trial court of jurisdiction because the amended version states that "an official or employee acting in an official capacity" is not a "party" that may file a motion to dismiss based on the exercise of the right of free speech. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.003(a). While Advanced Technology claims the amended version of section 27.003(a) applies retroactively, the 2019 amendments to the TCPA, by their express terms, apply to lawsuits filed on or after September 1, 2019. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 11–12, 2019 Tex. Gen. Laws 684, 687 (providing that suit filed before amendments become effective "is governed by the law in effect immediately before that date" and that amendments "take effect September 1, 2019"). The record reflects that the trial court severed this action and rendered its final judgment on December 17, 2018. Accordingly, the 2019 amendments to the TCPA have no effect on the trial court's jurisdiction or judgment.[2]

We overrule issue one.

### B. Rule 38(a)

In issue two, Advanced Technology argues that the trial court lacked jurisdiction over Krenek because Advanced Technology itself did not comply with Texas Rule of Civil Procedure 38(a) in adding her as a third-party defendant. Rule 38(a) details the procedures for service of process that apply when a defending

---

[2] Moreover, Advanced Technology argues that Krenek was sued as an official acting in her official capacity who could not file a TCPA motion to dismiss under amended section 27.003(a). Tex. Civ. Prac. & Rem. Code Ann. § 27.003(a). We note, however, that Advanced Technology asserted claims against Krenek "individually."

3

party, as a third-party plaintiff, seeks to assert claims against a person not a party to the action who is or may be liable to the defendant or to the plaintiff for all or part of the plaintiff's claim against the defendant. Tex. R. Civ. P. 38(a). A claim against a third-party defendant such as Krenek[3] may be brought without leave of court if filed not later than thirty days after service of the third-party plaintiff's original answer; otherwise, leave of court, with notice to all parties, is required to serve the third-party petition. *Id.*

Advanced Technology argues that, because its claims against Krenek were asserted more than 30 days after its original answer without leave of court, the trial court was deprived of "subject-matter jurisdiction" over Krenek, even though Krenek voluntarily appeared and answered. Advanced Technology does not explain how its own noncompliance with rules concerning service of process might deprive a court of subject-matter jurisdiction over the claims Advanced Technology itself asserted against Krenek. *Cf. Deen v. Kirk*, 508 S.W.2d 70, 72 (Tex. 1974) (subject-matter jurisdiction is "the power to hear and determine cases of the general class to which the particular one belongs").

Even if we were to construe this issue as a challenge to the trial court's personal jurisdiction over Krenek, nothing in the text of Rule 38(a) indicates that

---

[3] Krenek argues that she was not a third-party defendant, but rather was sued as a "counter-defendant" by Advanced Technology in its "counterclaim" against her. Krenek, however, was not a party to the action before being added by Advanced Technology as a "counter-defendant." Our court has previously addressed the terminology concerning claims and parties added by a defendant, specifically noting that Rule 38 "follow[s] the definitions of a 'third-party plaintiff' as a defendant who asserts a claim against a nonparty, a 'counterclaim' as a claim made against one on the opposing side of the case, and a 'cross claim' as a claim made against one on the same side of the case." *J.M.K. 6, Inc. v. Gregg & Gregg, P.C.*, 192 S.W.3d 189, 200 (Tex. App.—Houston [14th Dist.] 2006, no pet.). Following these definitions, Advanced Technology's claims against Krenek, who was not a party at the time Advanced Technology asserted its claims against her, are properly classified as claims made by a "third-party plaintiff" against a "nonparty," which are governed by Rule 38. *See id.*

4

noncompliance with the leave requirement defeats personal jurisdiction.[4] One of our sister courts has determined that the leave requirement may be waived absent a timely objection in the trial court, further supporting the conclusion that leave of court to serve a third-party petition is a procedural issue of joinder that may be waived. *See Trueheart v. Braselton*, 875 S.W.2d 412, 414 (Tex. App.—Corpus Christi 1994, no writ) (rejecting appellant's argument "that failure to obtain leave of court [under Rule 38(a)] is reversible error even when no timely objection was made to the third-party action") (discussing *Goswami v. Metropolitan Sav. and Loan Ass'n*, 751 S.W.2d 487, 490 (Tex. 1988) (party's failure to obtain leave of court to file amended pleading within seven days of trial was not fatal to pleading despite mandatory language of leave requirement in Texas Rule of Civil Procedure

---

[4] Rule 38(a) states:

(a) When defendant may bring in third party. At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a citation and petition to be served upon a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him. The third-party plaintiff need not obtain leave to make the service if he files the third-party petition not later than thirty (30) days after he serves his original answer. Otherwise, he must obtain leave on motion upon notice to all parties to the action. The person served, hereinafter called the third-party defendant, shall make his defenses to the third-party plaintiff's claim under the rules applicable to the defendant, and his counterclaims against the third-party plaintiff and cross-claims against other third-party defendants as provided in Rule 97. The third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert his defenses and his counterclaims and cross-claims. Any party may move to strike the third-party claim, or for its severance or separate trial. A third-party defendant may proceed under this rule against any person not a party to the action who is or who may be liable to him or to the third-party plaintiff for all or part of the claim made in the action against the third-party defendant.

Tex. R. Civ. P. 38.

63)); *see also In re Fisher*, 433 S.W.3d 523, 532 (Tex. 2014) ("Objections to personal jurisdiction may be waived, so a litigant may consent to the personal jurisdiction of a court through a variety of legal arrangements.") (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n. 14 (1985)).

Once Krenek voluntarily appeared, the trial court's personal jurisdiction did not hinge on whether Advanced Technology had sought leave to serve her. *See Truehart*, 875 S.W.2d at 414 (noting trial court's "broad discretion in matters such as party joinder"); *see also* Tex. R. Civ. P. 124 (no judgment shall "be rendered against any defendant unless upon service, or acceptance or waiver of process, *or upon an appearance by the defendant*") (emphasis added). Accordingly, we reject Advanced Technology's argument that its own noncompliance with Rule 38(a)'s leave requirement deprived the trial court of personal jurisdiction over Krenek once Krenek appeared.

We overrule issue two.

## C. Stay of proceedings

In issue three, Advanced Technology argues that the trial court's judgment is void because it was signed during a stay in proceedings under the TCPA. Advanced Technology argues it "invoked the TCPA" at a December 4, 2018 hearing, and that the purported TCPA motion was "tried by consent" and "denied without a written Order." Advanced Technology then filed a notice of interlocutory appeal concerning the trial court's alleged denial of its TCPA motion. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(12) (interlocutory appeal of denial of TCPA motion). Advanced Technology argues its interlocutory appeal stayed proceedings, prohibiting the trial court from rendering judgment on its claims against Krenek. *See* Tex. Civ. Prac. & Rem. Code § 51.014(b) (interlocutory appeal of denial of TCPA motion stays all proceedings in trial court pending resolution of appeal).

The record reflects that Advanced Technology filed a notice of interlocutory appeal asserting that a TCPA motion was denied during the December 4, 2018 hearing. While the notice of appeal is in the record before us, however, there is no TCPA motion, written or oral, or any ruling on such a motion corresponding with this notice of appeal.

We note that Advanced Technology's lawyer has made this same argument about this same hearing before. Advanced Technology claims that it made its "motion" orally at a joint hearing involving the case now before us and a related case, in which Advanced Technology's lawyer also represented parties. In an appeal of the related case, our court explained as follows:

> Appellants have not provided us with a record cite to a written TCPA motion to dismiss, and we have searched the entire record but have not found such a motion filed by Appellants. However, from the following statements Appellants made in the facts section of their brief, it appears they claim that they made an oral TCPA motion to dismiss during the December 4, 2018 hearing on Diogu Law Firm's motion to disqualify Judges Shoemake and Brown: "During that Oral Hearing, the Appellant invoked TCPA Section 27.003(a) motion to dismiss. The motion was tried by consent without objection by the Appellees."
>
> Appellants' contention is not supported by the record. We have reviewed the transcript of the December 4, 2018 hearing on the motion to disqualify and Appellants neither orally made a TCPA motion to dismiss nor was such a motion tried by consent. No written TCPA petition or motion to dismiss was filed by the Appellants. The trial court cannot possibly err in denying a non-existent motion or relief on a petition that is not found in the record. Therefore, we conclude that the trial court committed no error.

*Diogu Law Firm PLLC v. Melanson*, No. 14-18-01053-CV, 2020 WL 6142902, at *12–13 (Tex. App.—Houston [14th Dist.] Oct. 20, 2020, pet. filed) (mem. op.). After reviewing the record in this case, we conclude, as we did in *Diogu Law Firm*,

7

that Advanced Technology's purported TCPA motion is "non-existent." Because there was no TCPA motion, there could be no stay pending interlocutory appeal of the purported motion preventing the trial court from signing its judgment in the case before us.

We overrule issue three.

## D. Attorney's fees

In issue four, Advanced Technology argues that the evidence is legally insufficient to support the trial court's award of attorney's fees.[5] In its final judgment, the trial court awarded Krenek a total of $22,595 in attorney's fees under the TCPA. *See* TCPA § 27.009(a) (mandatory award of reasonable attorney's fees to successful movant). Of this amount, $16,275 was for fees incurred by attorney Eddie Krenek, and $6,320 was for fees incurred by attorney Peter D. Kennedy.[6]

The fees in this case were presented under the lodestar method, which applies when the claimant puts on evidence of reasonable fees by relating the hours worked multiplied by hourly rates for a total fee. *Rohrmoos Venture v. UTSW DVA*

---

[5] While Advanced Technology also states on several occasions that the trial court's award of sanctions was "discretionary," it does not argue that the trial court abused its discretion in awarding sanctions for any reason other than the insufficiency of the evidence to support the award of attorney's fees. We conclude nothing has been presented for our review regarding the trial court's award of $5,000 in sanctions.

[6] In her appellee's brief, Krenek primarily addresses attorney's fees awarded following the December 4, 2018 hearing, discussed above with regard to Advanced Technology's "non-existent" TCPA motion. In its summary of its attorney's-fees issue, however, Advanced Technology cites the transcript of the December 17, 2018 hearing at which the trial court severed Advanced Technology's claims against Krenek, granted Krenek's motion to dismiss, and awarded fees and sanctions, referencing page numbers corresponding to attorney Eddie Krenek's testimony about attorney's fees at the December 17, 2018 hearing. We accordingly construe Advanced Technology's issue concerning attorney's fees as a challenge to the fees awarded following the December 17, 2018 hearing, not the December 4, 2018 hearing Krenek primarily addresses in her briefing.

*Healthcare, LLP*, 578 S.W.3d 469, 495–96 (Tex. 2019). Legally-sufficient evidence supporting attorney's fees under the lodestar method must include, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services. *Id.* at 502. Contemporaneous billing records are not required to prove that the requested fees are reasonable and necessary; rather, the proof may be presented by testimony. *Id.*

The record before us does not contain billing records admitted into evidence, so we turn to the attorneys' testimony. Attorney Eddie Krenek testified that he spent 54.25 hours working on the TCPA and Rule 91a portions of the case at $300 per hour, for a total of $16,275. During his initial testimony, while attorney Krenek specified on which days he performed work and how many hours he spent each day, he did not provide any details as to the specific tasks he completed during those hours. On cross-examination, attorney Krenek testified that he spent 18 hours on "setting up the [TCPA] motion to dismiss, and preparing for the hearing and sanctions portion," and two hours on the Rule 91a portion of the motion to dismiss. He further testified that "[t]here was a whole lot more that we did from the beginning that included legal research into the issues," and agreed that all of his hours were "related to TCPA and 91a." This testimony, while addressing specific tasks for 20 hours of attorney Krenek's time, leaves 34.25 hours unattributed to specific tasks. Without this information, the trial court could not determine what work the unattributed hours consisted of, whether the time spent on the work was reasonable, or whether the tasks performed were duplicative or unnecessary. *See Rohrmoos*, 578 S.W.3d at 505 (attorney's testimony that he incurred fees "searching through 'millions' of emails and reviewing 'hundreds of thousands' of

papers in discovery, more than forty depositions taken, and a forty-page motion for summary judgment—is too general to establish that the requested fees were reasonable and necessary"); *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 762 (Tex. 2012) ("Charges for duplicative, excessive, or inadequately documented work should be excluded.").

Because the record does not detail the particular services performed for 34.25 of the 54.25 hours worked by attorney Krenek, we conclude the evidence is legally insufficient to support the full award of attorney's fees. *See Rohrmoos*, 578 S.W.3d at 505. However, attorney Krenek's testimony concerning the 18 hours he spent "setting up the [TCPA] motion to dismiss, and preparing for the hearing and sanctions portion," and the two hours he spent preparing the Rule 91a motion to dismiss, is legally sufficient to support fees awarded for those hours.

A court of appeals may exercise its authority to suggest a remittitur when there is insufficient evidence to support the full amount of an award, but sufficient evidence to support a lesser award. Tex. R. App. P. 46.3; *see Larson v. Cactus Util. Co.*, 730 S.W.2d 640, 641 (Tex. 1987) ("If part of a damage verdict lacks sufficient evidentiary support, the proper course is to suggest a remittitur of that part of the verdict. The party prevailing in the trial court should be given the option of accepting the remittitur or having the case remanded."); *see also Nath v. Tex. Children's Hosp.*, No. 14-19-00967-CV, 2021 WL 451041, at *14 (Tex. App.—Houston [14th Dist.] Feb. 9, 2021, no pet. h.) (applying Rule 46.3 to award of attorney's fees). Accordingly, we suggest to appellee Tricia Krenek a remittitur of $10,275, equaling the 34.25 insufficiently supported hours of attorney Eddie Krenek's time at his rate of $300 per hour. *See* Tex. R. App. P. 46.3.

Attorney Kennedy testified that, during the two days before the filing of Krenek's motion to dismiss, he "spent 8 hours in researching, drafting, editing, and

10

filing the motion to dismiss." He also testified that, the Friday before the hearing, he "spent a minimum of 4 hours in receipt of and reviewing [Advanced Technology]'s counter motion to dismiss and in researching the cases that he cited in that motion," and the day before the hearing he "spent a minimum of 4 hours reviewing [Advanced Technology]'s supplemental counter motion to dismiss and in preparing a response[.]" Kennedy then sought that his time be awarded at a discounted rate of $395 per hour, which he testified was a reasonable rate in Texas for this type of case based on his experience.[7] This testimony, addressing each of the *Rohrmoos* factors, is legally sufficient to support the award of $6,320. *See* 578 S.W.3d at 502.

Concluding the evidence was insufficient to support the full amount of the trial court's award of attorney's fees incurred by Eddie Krenek, we sustain Advanced Technology's fourth issue in part. *See City of Laredo v. Montano*, 414 S.W.3d 731, 737 (Tex. 2013) (when two lawyers sought fees and evidence as to one was insufficient, reversing award as to that lawyer only). We overrule the fourth issue in part as to attorney's fees incurred by Peter D. Kennedy.

### III. CONCLUSION

Having sustained Advanced Technology's issue four in part, we reverse the portion of the trial court's judgment awarding "$16,275.00 [in attorney's fees] incurred by attorney Eddie Krenek." We affirm the remainder of the trial court's judgment as challenged on appeal. Concluding the evidence is sufficient to support an award of $6,000 in attorney's fees incurred by attorney Eddie Krenek, we

---

[7] In summarizing his testimony, attorney Kennedy requested that only 12 hours be awarded, but also requested total fees in the amount of $6,320, which equals 16 hours at attorney Kennedy's rate of $395 per hour. As attorney Kennedy testified about the specifics of 16 hours he worked on the case, we conclude the evidence supports the trial court's award of $6,320 despite attorney Kennedy's misstatement that he was seeking attorney's fees for 12 hours of his time.

suggest a remittitur of $10,275 of the attorney's fees incurred by attorney Krenek. Tex. R. App. P. 46.3. The deadline to file the suggested remittitur is June 28, 2021. If appellee Tricia Krenek timely files the remittitur with the clerk of this court, we shall render an amended judgment modifying the trial court's judgment to reflect an award of $6,000 in attorney's fees incurred by attorney Eddie Krenek and affirming the trial court's judgment as so modified. Tex. R. App. P. 43.2(b), 46.3. If the suggested remittitur is not filed, the case will be remanded to the trial court for further proceedings limited to redetermination of reasonable attorney's fees incurred by Eddie Krenek. *See Larson*, 730 S.W.2d at 641 (prevailing party has option to accept remittitur or have case remanded); *see also Rohrmoos*, 578 S.W.3d at 506 (when evidence is legally insufficient to support mandatory award of attorney's fees, proper remedy is to remand for redetermination of fees); TCPA § 27.009(a) (court "shall" award attorney's fees to successful movant).

/s/     Charles A. Spain
Justice

Panel consists of Justices Wise, Bourliot, and Spain.

12